UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

GEORGE EDWARD FROSCH,

Petitioner,

v.

DIRECTOR, TDCJ-CID,

Respondent.

No. 1:24-CV-00037-H

**OPINION AND ORDER**

Petitioner George Edward Frosch, a self-represented state prisoner, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge his guilty-plea conviction and 22-year sentence for aggravated kidnapping. Dkt. No. 1. Respondent filed an answer with copies of Petitioner's relevant state-court records, arguing that Petitioner failed to establish that the state court's rejection of his claims was objectively unreasonable. Dkt. Nos. 10, 12. Petitioner filed a timely reply. Dkt. No. 13. As explained below, the Court concludes that the petition is without merit. Thus, the petition must be denied and dismissed with prejudice.

**1. Background**

In cause number 23173-B, styled *State of Texas v. George Edward Harry Frosch*, Petitioner was charged by indictment with the felony offense of aggravated kidnapping. Dkt. No. 12-1 at 6. He pled guilty to the charge and, pursuant to the plea agreement, was sentenced to twenty-two years in prison. *Id.* at 7–14, 17. Petitioner waived his right to appeal, *id.* at 16, and did not file any direct appeals.

Petitioner filed a state application for writ of habeas corpus on October 3, 2023. Dkt. No. 12-1 at 22–31. But the Texas Court of Criminal Appeals (TCCA) denied the application without written order on November 22, 2023.[1]

Petitioner filed this federal petition on March 7, 2024.[2] Dkt. No. 1 at 10. The Court understands Petitioner to challenge his conviction and sentence on these grounds:

1) There is insufficient evidence to support his conviction; and
2) He received ineffective assistance of counsel.

Dkt. No. 1.

Respondent argues that the Court should deny the claims and dismiss the petition with prejudice because Petitioner's claims were waived by his voluntary and knowing guilty plea. Dkt. No. 10 at 9–18. Respondent also argues that the TCCA's denial of Petitioner's claims was reasonable, and thus his claims are barred under the Antiterrorism and Effective Death Penalty Act (AEDPA). *Id.* at 18–19.

## 2. Legal Standard

Section 2254 provides federal courts with an important, but limited opportunity to review a state prisoner's conviction and sentence. *See Harrington v. Richter*, 562 U.S. 86, 103 (2011) (explaining that the statute is "designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions"). This statute, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), creates a "highly deferential standard for evaluating state-court rulings, . . . which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam) (internal quotation marks omitted).

---

[1] *See generally In re Frosch, George Edward AKA, George Edward Harry, Frosch*, No. WR-74,576-09 (Tex. Crim. App. Nov. 22, 2023), a*vailable at* https://search.txcourts.gov/Case.aspx?cn=WR-74,576-09&coa=coscca (last visited Nov. 2, 2026).

[2] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (providing that a prisoner's habeas petition is deemed to be filed when he delivers the papers to prison authorities for mailing).

Once a state a state court has rejected a claim on the merits, a federal court may grant relief on that claim only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). And "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

A state-court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *see also Pierre v. Vannoy*, 891 F.3d 224, 227 (5th Cir. 2018) (explaining that a petitioner's lack of "Supreme Court precedent to support" a ground for habeas relief "ends [his] case" as to that ground).

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). Federal habeas relief is precluded even when the state court's factual determination is debatable. *Id.* at 303. State-court factual determinations are entitled to a "presumption of correctness" that a petitioner may rebut only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This "deference extends not only to express findings of fact,

but to the implicit findings of the state court." *Ford v. Davis*, 910 F.3d 232, 234–35 (5th Cir. 2018).

Moreover, "federal habeas corpus relief does not lie for errors of state law," and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991); *West v. Johnson,* 92 F.3d 1385, 1404 (5th Cir. 1996). AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Federal habeas review is reserved only as a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Richter*, 562 U.S. at 102–03. This standard is intentionally "difficult to meet." *Id.*

Finally, federal habeas review is limited "to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). In short, to overcome AEDPA's highly deferential, difficult standard, a petitioner "must show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny [the petitioner] relief would have either been contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans v. Davis*, 875 F.3d 210, 217 (5th Cir. 2017).

## 3. Discussion

The Court has reviewed Petitioner's pleadings, Respondent's answer, and the state court records submitted by Respondent. The Court finds that an evidentiary hearing is not necessary to resolve the instant petition. *See Young v. Herring*, 938 F.2d 543, 560 n.12 (5th Cir. 1991) (explaining that "a petitioner need not receive an evidentiary hearing if it would not develop material facts relevant to the constitutionality of his conviction"). As explained below and

based on the facts and law set forth in Respondent's answer, the Court finds Petitioner's claims should be denied.

"A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary and intelligent." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). A plea is made knowingly if the defendant has "notice of the nature of the charges against [him]" and understands both "the consequences of [his] plea" and "the nature of the constitutional protections [he] is waiving." *United States v. Urias-Marrufo*, 744 F.3d 361, 366 (5th Cir. 2014). A plea is also voluntary if it is not the product of "actual or threatened physical harm, . . . mental coercion overbearing the will of the defendant [,]" or intense "state-induced emotions." *Id.* In short, the validity of a guilty plea rests on "three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *United States v. Gracia*, 983 F.2d 625, 627–28 (5th Cir. 1993).

As noted in Respondent's answer, Petitioner has not alleged that his guilty plea was involuntary, unknowingly made, or made without understanding the charges or the consequences of his plea. Dkt. No. 10 at 9 n.4. Petitioner also did not claim otherwise in his state habeas proceedings.[3] Dkt. No. 12-1 at 27–30. In any event, the TCCA's rejection of his habeas claim presents an implicit finding that his plea was knowing and voluntary; AEDPA demands that this finding be afforded a presumption of correctness unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006). The state court record instead confirms the validity of his plea; the signed plea agreement includes sworn statements that Petitioner read the plea admonishments and indictment, that he was guilty of the offense, that he made his plea knowingly and voluntarily, and that he had not

[3] In his state habeas application, Petitioner argued in his third ground for relief that he unlawfully signed away his inalienable when he pled guilty. Dkt. No. 12-1 at 29. But he did not allege that he was coerced into pleading guilty, that he did not understand the charges, or that he did not understand the consequences of his plea.

been threatened or coerced. Dkt. No. 12-1 at 11, 14. The Court therefore finds that the guilty plea was knowing and voluntary.

Petitioner's guilty plea forecloses his insufficient evidence claim. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Stated differently, "[b]y pleading guilty to an offense, . . . a criminal defendant waives all non-jurisdictional defects preceding the plea." *United States v. Owens*, 996 F.2d 59, 60 (5th Cir. 1993). Petitioner's insufficient evidence claim relates to a non-jurisdictional defect that occurred before his guilty plea. *See, e.g.*, *Nobles v. Beto*, 439 F.2d 1001, 1002 n.1 (5th Cir. 1971) (disposing of appellant's insufficient evidence claims as "merely non-jurisdictional defects which were waived by the appellant's valid guilty plea"). And by pleading guilty, Petitioner not only admitted to the "discrete acts described in the indictment[,]" but also admitted "guilt of [the] substantive crime." *United States v. Broce*, 488 U.S. 563, 570 (1989). Thus, Petitioner waived his insufficient evidence claim by pleading guilty.

Petitioner's ineffective assistance of counsel claim is also barred by his guilty plea. A defendant who has pled guilty may bring an ineffective assistance claim only if counsel's deficient performance implicates the validity of the plea. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) (citing *Broce*, 488 U.S. at 574). Petitioner's claim—that his attorney allowed him to plead guilty despite the State's insufficient evidence—does not satisfy this exception. Counsel's failure to discuss a potential defense does not invalidate the resulting guilty plea, because its validity derives from "the admissions necessarily made upon entry of a voluntary plea of guilty" rather than the "defendant's subjective understanding of the range of potential defenses." *Broce*, 488 U.S. at 572–74. As discussed above, the admissions made in Petitioner's plea agreement show that his plea was knowing and voluntary. So, Petitioner has not shown

that he did not understand the charges he faced or the consequences of his plea. Thus, Petitioner waived his ineffective assistance claim by pleading guilty.

**4. Conclusion**

For the reasons discussed above and based on the facts and law set forth in Respondent's answer, the Court finds Petitioner's claims should be denied.

The Court therefore orders:

(1) The petition for writ of habeas corpus is denied and dismissed with prejudice.

(2) All relief not granted is denied, and any pending motions are denied.

(3) Under Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), this Court finds that a certificate of appealability should be denied. For the reasons set forth above and in Respondent's answer, Petitioner has failed to show that reasonable jurists would find (1) this Court's "assessment of the constitutional claims debatable or wrong," or (2) "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court will enter judgment accordingly.

So ordered.

Dated November 5, 2026.

James Wesley Hendrix
United States District Judge